FILE

2024 APR -2 PM 4:03

CLERK OF THE
BANKRUPTCY COURT
N.D. OF NY
UTICA

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

JEAN MICHEL LETENNIER, SR.,                   Chapter 13
                                                        Case No. 23-60531-6-pgr

                               Debtor.

APPEARANCES:

*PRO SE* DEBTOR                                     JEAN MICHEL LETENNIER, SR.

MCCALLA RAYMER LEIBERT PIERCE, LLC            ERNEST A. YAZZETTI, JR., ESQ.
*Attorneys for LVNV Funding, LLC*
420 Lexington Ave., RM 840
New York, NY 10170-0840

MARK W. SWIMELAR                           EDWARD J. FINTEL, ESQ.
CHAPTER 13 TRUSTEE
250 South Clinton Street
Suite 203
Syracuse, NY 13202

PATRICK G. RADEL, UNITED STATES BANKRUPTCY JUDGE

**MEMORANDUM-DECISION AND ORDER DENYING DEBTOR'S
OBJECTION TO LVNV FUNDING, LLC'S CLAIM**

       Presently pending before the Court is the Debtor's Objection to Claim Number 1, filed by Claimant, LVNV Funding, LLC ("LVNV") ("Objection to Claim No. 1" or "Objection"). (Obj., ECF No. 31). LVNV opposes the Objection. (Resp., ECF No. 68). This Court heard oral argument on February 27, 2024, and again on March 19, 2024, in Utica, New York, with Debtor *pro se* and counsel for LVNV appearing and being heard. Decision was reserved.

       For the following reasons, this Court denies Debtor's Objection to LVNV's claim.

1

## JURISDICTION

The Court has core jurisdiction over the parties and the subject matter of this contested matter in accordance with 28 U.S.C. §§ 1334(b) and 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

Debtor filed a Petition for Relief under Chapter 13 of the Bankruptcy Code on July 26, 2023. (Vol. Pet., ECF No. 1). On July 31, 2023, LVNV filed a secured claim in the amount of $4,170.77 ("Claim No. 1"). (Claim No. 1-1) (available on the Court's Claims Register). Attached to Claim No. 1 is a copy of a default judgment entered in favor of LVNV against the Debtor on June 12, 2012, by the Supreme Court for the State of New York (County of Otsego). (*Id.* at 7).

On November 20, 2023, the Debtor filed his Objection to Claim No. 1. (Obj., ECF No. 31). The Court scheduled a hearing on the Objection for February 27, 2024, and directed Debtor to notice LVNV at the address indicated in its proof of claim. (Sched. Order, ECF No. 53). LVNV filed opposition to the Objection on February 15, 2024. (Resp., ECF No. 68).

Debtor's arguments for why Claim No. 1 should be expunged fall into two categories: 1) the proof of claim is defective; and 2) the underlying state court judgment is defective. Debtor argues that Claim No. 1 is "not properly signed, authenticated or notarized." (Obj. ¶ 4, ECF No. 31). Debtor also asserts that LVNV has violated the Securities and Exchange Act, the Fair Debt Collections Practices Act, and federal criminal banking laws (*id.* ¶ 9–12, 14); that LVNV has failed to refund him a credit balance (*id.* ¶ 15); and that there was a billing error as to the underlying debt (*id.* ¶ 16). At the March 19, 2024 hearing, Debtor also argued that the state court did not have jurisdiction to issue a judgment against him. (Audio file for 3/19/2024, ECF No. 82).

In opposition, LVNV contends that its proof of claim meets the statutory requirements and that any attempt by Debtor to relitigate the state court judgment is barred by the *Rooker-Feldman* doctrine and *res judicata*. (Resp. ¶ 12, 25).

## DISCUSSION

The Court will determine whether LVNV's proof of claim was properly filed before considering whether LVNV's underlying judgment should be given preclusive effect.

### *Pro Se* Pleading Standard

*Pro se* debtors lack familiarity with the formalities of pleading requirements. *Daise v. Goord*, 109 F. App'x 452, 453 (2d Cir. 2004). As such, pleadings filed by *pro se* litigants are held to less stringent standards than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Courts should "apply a more flexible standard," to *pro se* filings "to raise the strongest arguments that they suggest." *Daise*, 109 F. App'x at 453; *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013).

### Form and Content of Proof of Claim

Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3001 governs the form and content required for a valid proof of claim. Fed. R. Bankr. P. 3001. A proof of claim executed and filed in accordance with Bankruptcy Rule 3001 "constitutes prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); *In re Irons*, 343 B.R. 32, 39 (Bankr. N.D.N.Y. 2006).

Here, LVNV used Official Form 410 to file its proof of claim in compliance with Bankruptcy Rule 3001. *See* Fed. R. Bankr. P. 3001(a) ("A proof of claim shall conform substantially to the appropriate Official Form."). LVNV's judgment is attached to the proof of claim along with an itemized statement of the amount due. Fed. R. Bankr. P. 3001(e).

3

Claim No. 1 was electronically signed by Martha Roldan Restrepo, a "Secured Bankruptcy Specialist"[1] with Resurgent Capital Services, LP ("Resurgent"). *See* Claim 1-1 at 3. Resurgent is LVNV's servicer. *Id.* at 4. Bankruptcy Rule 3001(b) requires that a proof of claim be executed "by the creditor or the creditor's authorized agent[,]" and Bankruptcy Rule 5005 permits typed signatures on electronically filed claims. Fed. R. Bankr. P. 5005(a)(1)(C)("A filing made through a person's electronic-filing account and authorized by that person, together with that person's name on a signature block, constitutes that person's signature."); *see also* L.B.R. 3001-3 ("Without the necessity of becoming a registered user, any claimant or the claimant's agent may utilize the feature available on the court's website for electronic submission of a proof of claim form. Any proof of claim filed electronically, using this court's website, shall have the same force and effect as if the individual signed a paper copy of the document.").

There is no requirement that a proof of claim be notarized. Fed. R. Bankr. P. 3001; *see also In re Gorman*, 495 B.R. 823, 831 (Bankr. E.D. Tenn. 2013) (holding that a power of attorney is not needed to validate an agent's authority to file a proof of claim) (citing Fed. R. Bankr. P. 9010(c)).

Claim No. 1 complies with Bankruptcy Rule 3001 and is therefore considered "prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f).

Claim No. 1 also complies with Bankruptcy Rule 9011 as it is signed and contains an address and telephone number. Fed. R. Bankr. P. 9011; *see also* LBR 5005-1(b) ("The authorized electronic filing of a document bearing an electronic signature (example: /s/Jane Smith) constitutes the signature of the filer under Fed. R. Bankr. P. 9011."); LBR 9011-3 ("Any petition, list, schedule, statement, amendment, pleading, affidavit, or other document that requires an original

---

[1] Debtor also argues that an attorney who signs a proof of claim becomes a "fact witness." (Obj. ¶ 13.3). The Court need not consider this argument as there is no indication that Martha Roldan Restrepo is an attorney.

signature or verification under Fed. R. Bankr. P. 1008 or an unsworn declaration, as provided in 28 U.S.C. § 1746, may be filed electronically by a registered electronic filer.").

**Fair Debt Collection Practices Act**

In his Objection, Debtor has raised the Fair Debt Collection Practices Act ("FDCPA"). Obj. ¶ 12. "The FDCPA establishes a general prohibition against the use of 'false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). Debtor appears to be arguing that LVNV's filing of Claim No. 1 violated the FDCPA.

However, the FDCPA cannot be used to displace the Bankruptcy Code's claim's objection process. *See Jaques v. U.S. Bank N.A. (In re Jacques)*, 416 B.R. 63, 79 (Bankr. E.D.N.Y. 2009). Debtor's only remedy for a wrongful proof of claim lies within the Bankruptcy Code. *Id.* at 79 (holding that the "Bankruptcy Code precludes the assertion of a claim under the FDCPA"). "It simply is not wrongful conduct prohibited by the FDCPA to file a proof of claim as authorized by the Bankruptcy Code." *Id.* at 80; *see also Midland Funding, LLC v. Johnson*, 581 U.S. 224, 234 (2017) (holding that application of the Fair Debt Collection Practices Act to proofs of claim filed under the Bankruptcy Code would upset the "delicate balance of a debtor's protections and obligations.") (citation omitted).

**Other Alleged Legal Violations**

Having determined that the proof of claim is properly filed and therefore, prima facie valid, this Court now turns to the Debtor's challenge to the validity of the state court judgment. In his Objection, Debtor alleges violations of various federal statutes, *i.e.,* the Sherman Antitrust Act ("Sherman Act"), (Obj. ¶ 9 (citing to 15 U.S.C. §§ 1–3)); the Securities Exchange Act (Obj. ¶ 10 (citing to 15 U.S.C. § 78ff)); and the federal criminal code (Obj. ¶ 11 (citing to 18 U.S.C. § 1005)).

5

Sections 1 and 2 of the Sherman Act criminalize "any contract, combination or conspiracy in restraint of trade," and "forbids any person or combination [of people] from monopolizing or attempting to monopolize any part of interstate commerce." 15 U.S.C. §§ 1–2; *Klor's, Inc. v. Broadway-Hale Stores, Inc.*, 359 U.S. 207, 210–11(1959). Section 3 of the Sherman Act makes unlawful a combination or conspiracy in restraint of trade in the District of Columbia and any Territory of the United States. 15 U.S.C. § 3.

Section 78ff(a) of the Securities and Exchange Act provides criminal penalties for any person who makes a false or misleading statement in any application, report, or document required to be filed under the Securities and Exchange Act. 15 U.S.C. § 78ff.

Section 1005 of title 18 makes it a crime to make a false entry in a book, record, or statement of a bank with intent to defraud a bank. 18 U.S.C. § 1005.

To the extent that Debtor is asking this Court to enforce these provisions of federal law, bankruptcy courts do not have the power to investigate crimes and do not have jurisdiction over criminal proceedings. 28 U.S.C. § 1334. The bankruptcy court is a court of limited jurisdiction. *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995). It may hear and determine cases filed under title 11, cases arising under title 11, and/or cases arising in or related to a case under title 11. 28 U.S.C. § 157(a–b); *see also In re Weaver*, No. 23-35263 (CGM), 2023 WL 3484642, at *2 (Bankr. S.D.N.Y. May 16, 2023) ("The Bankruptcy Court has jurisdiction over bankruptcy issues falling under title 11 and other civil proceedings.")(emphasis omitted). "While bankruptcy courts are free to make criminal referrals when they have reasonable grounds for believing that a bankruptcy crime has occurred, 18 U.S.C. § 3057, the statute does not confer standing on litigants to request such a referral from the court." *Weaver*, 2023 WL 3484642, at *2 (cleaned up) (citing *In re Baroni*, 643 B.R. 253, 278 (Bankr. C.D. Cal. 2022)).

To the extent that Debtor is asserting that these alleged violations of non-bankruptcy law invalidate Claim No. 1, the *Rooker-Feldman* doctrine bars this Court from considering these allegations.

Under the *Rooker-Feldman* doctrine, lower federal courts lack subject matter jurisdiction over a case if the relief requested would result in the reversal or modification of a state court judgment. *Kropelnicki v. Siegel*, 290 F.3d 118, 129 (2d Cir. 2002) (citing *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995)); *see also Holmes v. Ocwen Loan Servicing, LLC* (*In re Holmes*), No. 19-23497 (SHL), 2020 WL 4279576, at *3 (Bankr. S.D.N.Y. July 24, 2020) ("*Rooker–Feldman* doctrine . . . precludes federal district courts from exercising appellate jurisdiction over final state court judgments."); *see also Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). It also "bars lower federal courts from exercising jurisdiction over claims that are 'inextricably intertwined' with state court determinations." *Kropelnicki*, 290 F.3d at 128 (quoting *Feldman*, 460 U.S. at 482–83 n.16).

Attached to Claim No. 1 is a copy of a state court judgment against the Debtor and in favor of LVNV. (Claim 1-1 at 7). *Rooker-Feldman* applies even where, as here, the state court judgment was entered by default. *In re Lindsay*, No. 20-10339-JLG, 2021 WL 278317, at *5 (Bankr. S.D.N.Y. Jan. 27, 2021) (citing *Neshewat v. Salem*, 194 F. App'x. 24 (2d Cir. 2006) (unpublished) (affirming the District Court's decision that it lacked jurisdiction, under *Rooker–Feldman*, over state court default judgment)); *Ballyhighlands, Ltd. v. Bruns*, 182 F.3d 898 (2d Cir. 1999) (unpublished) ("*Rooker–Feldman* applies to default judgments just as it does to other types of judgments.").

7

The Second Circuit has set forth four requirements that must be met before a court can invoke the *Rooker-Feldman* doctrine. *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the state-court judgment must have been rendered before the district court proceedings commenced.

*Id.* at 85 (cleaned up). In this instance all four prongs are met. On June 12, 2012, the Supreme Court of the State of New York (Otsego County) issued a default judgment in favor of LVNV Funding LLC a/p/o Bank of America. (Claim 1-1 at 7). This bankruptcy case was filed after the judgment, on July 26, 2023. (Vol. Pet., ECF No. 1).

The injury caused by the state court judgment of which Debtor complains is the allowance of LVNV's proof of claim in this case despite the alleged criminal violations. LVNV's proof of claim is wholly reliant upon the state court judgment. To expunge LVNV's claim would, in effect, reverse that judgment. *Swiatkowski v. Citibank*, 446 F. App'x 360, 361 (2d Cir. 2011). Such an inquiry is barred by the *Rooker-Feldman* doctrine.

**Judgment Amount Calculation**

In his motion, Debtor has raised several other arguments questioning the debt LVNV claims he owes. The Debtor has asserted that there is no basis for the proof of claim (Obj. ¶ 13.2); that there was an unspecified billing error (*id.* ¶ 14, 15); that he is owed a credit balance (*id.* ¶ 15); and that he has requested and not received the original promissory note/contract—thereby questioning whether such a document exists (*id.* ¶ 14). All of these arguments invite this Court's review and reconsideration of the default judgment in contradiction of the *Rooker-Feldman*

8

doctrine. The state court has already decided the amount of LVNV's debt and Debtor's liability as to that debt.

**Fraud Claim**

Debtor argues that he "suspects fraudulent activity in the original contract . . . ." (Obj. ¶ 14.). However, "there is no fraud exception to the *Rooker–Feldman* doctrine." *Holmes v. Ocwen Loan Serv'g, LLC (In re Holmes)*, No. 19-23497 (SHL), 2020 WL 4279576, at *4 (Bankr. S.D.N.Y. July 24, 2020); *see also Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002) ("[W]e have never recognized a blanket fraud exception to *Rooker–Feldman*.") (citation omitted).

**State Court Jurisdiction**

Debtor argues that LVNV is not subject to state law. (Obj. ¶ 1). At oral argument, he clarified that he did not believe the state court had jurisdiction to enter the default judgment against him as the liability for the debt was justiciable only under federal law. (Audio file for 3/19/2024, ECF No. 82). Even assuming *arguendo* that the state court wrongly exercised jurisdiction over the Debtor's debt, the *Rooker-Feldman* doctrine would still prevent this Court from vacating that judgment. *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415 (1923) ("If the constitutional questions stated in the bill actually arose in the cause, it was the province and duty of the state courts to decide them; and their decision, whether right or wrong, was an exercise of jurisdiction. If the decision was wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding. Unless and until so reversed or modified, it would be an effective and conclusive adjudication.") (citation omitted).

*Res Judicata*

Even if the Debtor's challenges to LVNV's judgment were not otherwise barred by *Rooker-Feldman*, *res judicata* would apply and preclude the Debtor's arguments.

9

"*Res judicata*, or claim preclusion, operates to prevent a party from re-litigating a claim after the claim has already been decided by a court of competent jurisdiction." *In re Ward*, 423 B.R. 22, 28 (Bankr. E.D.N.Y. 2010) (quotation and citation omitted). *Res judicata* prevents the Debtor from relitigating claims or defenses that he could have raised in a prior proceeding against the same party. *Id.* The parties in this action are the same as the parties in the state court proceeding and these issues could have been raised by Debtor in that action. "*Res judicata* does not require that the precluded claim actually have been litigated; its concern, rather, is that the losing party had a full and fair opportunity to litigate the claim. That is why the law has long been that default judgments support *res judicata* as surely as judgments on the merits do." *Kampfman v. Transamerica Fin. Servs. Co. of Ohio*, 164 F.3d 618 (2d Cir. 1998) (emphasis and citation omitted).

As to the Debtor's claim that the default judgment was obtained by fraud, "New York law permits collateral attacks on judgments obtained by extrinsic fraud (*i.e.*, fraud impacting a party's opportunity to have a full and fair hearing) as opposed to intrinsic fraud (*i.e.*, fraud alleged as part of an underlying cause of action or as a defense to the underlying cause of action)." *In re Modikhan*, No. 1-19-46591-JMM, 2021 WL 5312396, at *13 (Bankr. E.D.N.Y. Nov. 15, 2021) (citation omitted). Here, Debtor has alleged intrinsic fraud and has not established any extrinsic fraud. As such, the fraud exception to *res judicata* is inapplicable.

## CONCLUSION

For the foregoing reasons, Debtor's Objection to Claim No. 1 (ECF No. 31) is DENIED.

LVNV is directed to submit a proposed order in conformance with this Memorandum Decision via eOrders within fourteen days.

The Clerk of the Court is requested to transmit a copy of this Memorandum Decision to the Debtor *pro se* via first class mail, postage prepaid.

Dated: April 2, 2024
      Utica, New York

                                        Patrick G. Radel
                                        United States Bankruptcy Judge