UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

————————————————————————

In re:

JEAN MICHEL LETENNIER, SR.,                    Chapter 13
                                               Case No. 23-60531-6-pgr
                              Debtor.

————————————————————————

**APPEARANCES:**

JEAN MICHEL LETENNIER, SR.
*Debtor Pro Se*

ROBERTSON, ANSCHUTZ, SCHNEID,                  KEVIN R. TOOLE, ESQ.
CRANE & PARTNERS, PLLC
*Attorney for Deutsche Bank National Trust*
*Company, as Trustee, on behalf of the*
*holders of the J.P. Morgan Mortgage*
*Acquisition Trust 2007-CH3 Asset Backed*
*Pass-Through Certificates, Series 2007-CH3*
900 Merchants Concourse, Suite 310
Westbury, NY 11590

MARK W. SWIMELAR                               EDWARD J. FINTEL, ESQ.
CHAPTER 13 TRUSTEE
250 South Clinton Street
Suite 203
Syracuse, NY 13202

PATRICK G. RADEL, UNITED STATES BANKRUPTCY JUDGE

**MEMORANDUM-DECISION AND ORDER DENYING DEBTOR'S**
**OBJECTION TO DEUTSCHE BANK NATIONAL TRUST COMPANY'S CLAIM AND**
**MOTION TO STRIKE AND GRANTING MOTION FOR RELIEF FROM STAY**

Presently pending before the Court is the Debtor's Objection to claim number 5

("Objection to Claim No. 5" or "Objection"), filed by Deutsche Bank National Trust Company, as

Trustee, on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2007-CH3 Asset

Backed Pass-Through Certificates, Series 2007-CH3 ("Deutsche Bank"). (Obj., ECF No. 20).

1

Deutsche Bank interposed opposition to the Objection. (Resp., ECF No. 69). On February 27, 2024, Debtor filed a reply, entitled Motion to Strike Claimant's Attorney ("Motion to Strike"), which this Court will treat as a motion and as a reply in further support of the Objection and in response to Deutsche Bank's opposition. (Mot. Strike, ECF No. 73). Deutsche Bank filed a Supplemental Response to the Motion to Strike on March 12, 2024. (Supp. Resp., ECF No. 80).

On December 27, 2023, Deutsche Bank filed a Motion for Relief from Stay regarding the real property and premises known as 1580 State Hwy 357, Unadilla, NY 13849 ("Motion for Relief"). (Mot. Relief, ECF No. 44). Debtor opposed the Motion for Relief. (Opp., ECF No. 51). At a hearing held January 23, 2024, this Court advised that it would consider the Motion for Relief at the same time it considered the Debtor's Objection to Claim No. 5.

This Court heard oral argument on February 27, 2024, and March 19, 2024, in Utica, New York, with Debtor and counsel for Deutsche Bank appearing and being heard. Decision was reserved.

For the following reasons, this Court denies Debtor's Objection to Claim No. 5 and Debtor's Motion to Strike and grants Deutsche Bank's Motion for Relief.

## JURISDICTION

The Court has core jurisdiction over the parties and the subject matter of this contested matter in accordance with 28 U.S.C. §§ 1334(b) and 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

Debtor filed a Petition for Relief under Chapter 13 of the Bankruptcy Code on July 26, 2023. (Vol. Pet., ECF No. 1). On October 4, 2023, Deutsche Bank filed a secured claim in the amount of $880,157.02 ("Claim No. 5"). (Claim No. 5-1). Claim No. 5 indicates that notices and

2

payments regarding the claim should be sent to Select Portfolio Servicing, Inc. ("SPS"), as servicer for Deutsche Bank. (*Id.* at 1).

On October 16, 2023, Debtor filed an Objection to Claim No. 5. (Obj., ECF No. 20). Due to Debtor's *pro se* status and failure to properly notice the Objection, the Court issued a Scheduling Order directing Debtor to re-notice his Objection and scheduled a hearing for February 27, 2024. (Order, ECF No. 55). Deutsche Bank filed opposition to the Objection on February 15, 2024. (Resp., ECF No. 69).

Debtor's arguments for why Claim No. 5 should be expunged fall into two categories: 1) the proof of claim is defective or otherwise impermissible and 2) the underlying state court judgment is defective.

In particular, Debtor argues that Claim No. 5 is not properly signed. (Obj. ¶ 7, ECF No. 20). Debtor contends that the J.P. Morgan Mortgage Acquisition Trust 2007-CH3 Asset Backed Pass-Through Certificates, Series 2007-CH3 (the "Trust") does not exist (*id.* ¶ 1, 4); that Deutsche Bank and SPS cannot be proper holders of a proof of claim because they were not parties to the original contract (*id.* ¶ 5); and that the state court judgment was obtained through fraud (*id* ¶ 5). Debtor asserts that Deutsche Bank has violated the Securities and Exchange Act, the Fair Debt Collections Practices Act, the National Bank Act, the Foreign Account Registration Act, the Code of Federal Regulations, and federal criminal banking laws (*id.* ¶¶ 9–18); that Deutsche Bank failed to refund him a credit balance (*id.* ¶ 19); and that there was a billing error (*id.* ¶ 20). Debtor also argues that the state court did not have jurisdiction to issue a judgment. (*Id.* ¶ 10).

In support of some of his arguments, Debtor submitted a declaration signed by Pamela K. Zander, and an "amicus brief" prepared by Steven Phillip Rosen. (Zander Decl., ECF No. 49; Amicus Brief, ECF No. 26). In sum, Ms. Zander and Mr. Rosen raise questions as to the validly

of the underlying loan documents, the propriety of the debt being securitized, Deutsche Bank's

status as a legal entity and standing to assert a claim, the chain of title with respect to the loan

instruments (and assignments thereof), the validity of the security interest asserted in the

mortgaged premises, and ownership of the debt.

In opposition, Deutsche Bank contends that its proof of claim meets the statutory

requirements, that it holds a valid and final foreclosure judgment against the Debtor (Resp. ¶¶ 13–

14, 21), and that any attempt by Debtor to relitigate the state court judgment is barred by the

*Rooker-Feldman* doctrine and *res judicata*. (*Id.* ¶¶ 23–39). Attached as exhibit E to the opposition

is a copy of an Order Confirming Referee Report and Judgment of Foreclosure and Sale

("Foreclosure Judgment") entered on February 4, 2022, by the Supreme Court for the State of New

York (County of Delaware). (*Id.*, ex. E).

In the Motion to Strike, Debtor raises objections to the attorney who signed the response

to the Objection on behalf of Deutsche Bank. (Mot. Strike, ECF No. 73). Debtor asks the Court

to strike the response filed by Deutsche Bank in opposition to the claims Objection because the

attorney who signed the response did not file a notice of appearance and did not have capacity to

sign the motion. (*Id.* at 2–3, 8–10). Debtor also argues that the foreclosure judgment was

"unlawfully and illegally established in NYS Supreme Court, which has no jurisdiction in . . .

foreclosure enforcement." (*Id.* at 2–3). He further contends that the filing of opposition to his

Objection is a fraud upon the Court due to Deutsche Bank's lack of standing and because a

securitized note cannot be the basis of a lawsuit. (*Id.* at 4–5). Debtor also asserts that Deutsche

Bank has not complied with the Beneficial Ownership Test of the Corporate Transparency Act.

(*Id.* 10–19).

4

Deutsche Bank filed its Motion for Relief on December 27, 2023. (Mot., ECF No. 44). In the Motion for Relief, Deutsche Bank seeks relief from stay under § 362(d)(1), for lack of adequate protection, and (d)(2), as there is no equity in the property and the property is not necessary to an effective reorganization. (*Id.* ¶ 10). Debtor opposed the Motion for Relief on January 8, 2024, making many similar arguments to those he raised in his Objection to Claim No. 5. (Opp., ECF No. 51). In his opposition, Debtor argues that Claim No. 5 was "improperly" and "fraudulently" filed. (*Id.* ¶ 1). He argues that the attorneys who signed Claim No. 5 and the Motion for Relief do not have personal knowledge about the underlying mortgage documents; that Claim No. 5 and the Motion for Relief are not properly signed by attorneys; and that the attorneys did not have the capacity to sign the documents. (*Id.* ¶¶ 1–2, 4–5). Debtor contends that the allonges attached to the mortgage are forgeries, the assignments are not valid, and that there is no recorded lien in New York State. (*Id.* ¶ 2). Debtor also asserts that Deutsche Bank has not complied with the Beneficial Ownership Test of the Corporate Transparency Act. (*Id.* ¶ 6).

Debtor's arguments for why the Court should deny the Motion for Relief from Stay essentially mirror the arguments he advances in support of his Objection to Claim No. 5.

## DISCUSSION

### *Pro Se* Pleading Standard

*Pro se* debtors lack familiarity with the formalities of pleading requirements. *Daise v. Goord*, 109 F. App'x 452, 453 (2d Cir. 2004). As such, pleadings filed by *pro se* litigants are held to less stringent standards than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Courts should "apply a more flexible standard," to *pro se* filings "to raise the strongest arguments that they suggest." *Daise*, 109 F. App'x at 453; *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013).

5

The Court will determine whether Claim No. 5 was properly filed before considering whether the underlying foreclosure judgment should be given preclusive effect.

**Form and Content of Proof of Claim**

i.      Federal Rule of Bankruptcy Procedure 3001

Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3001 governs the form and content required for a proof of claim to be considered valid. *See* Fed. R. Bankr. P. 3001. A proof of claim executed and filed in accordance with Bankruptcy Rule 3001 "constitutes prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); *In re Irons*, 343 B.R. 32, 39 (Bankr. N.D.N.Y. 2006).

Deutsche Bank used Official Form 410 to prepare its proof of claim. Fed. R. Bankr. P. 3001(a) ("A proof of claim shall conform substantially to the appropriate Official Form.").

Claim No. 5 was electronically signed by Suzanne Youssef, as the "Authorized Agent for Secured Creditor." *See* Claim 5-1 at 3. Bankruptcy Rule 3001(b) requires that a proof of claim be executed "by the creditor or the creditor's authorized agent[,]" and Bankruptcy Rule 5005 permits typed signatures on electronically filed claims. *See* Fed. R. Bankr. P. 3001(b); Fed. R. Bankr. P. 5005(a)(2)(C) ("A filing made through a person's electronic-filing account and authorized by that person, together with that person's name on a signature block, constitutes that person's signature."); *see also* L.B.R. 3001-3 ("Without the necessity of becoming a registered user, any claimant or the claimant's agent may utilize the feature available on the court's website for electronic submission of a proof of claim form. Any proof of claim filed electronically, using this court's website, shall have the same force and effect as if the individual signed a paper copy of the document.").

6

There is no requirement that a proof of claim be notarized. *See* Fed. R. Bankr. P. 3001

(failing to require notarization); *see also In re Gorman*, 495 B.R. 823, 831 (Bankr. E.D. Tenn.

2013) (holding that a power of attorney is not needed to validate an agent's authority to file a proof

of claim) (citing Fed. R. Bankr. P. 9010(c)).

The claims register shows that Claim No. 5 was electronically signed by Suzanne Youssef

of the law firm of Robertson, Anschutz, Schneid, Crane, & Partners, PLLC, located in Westbury

New York.  "The authority of an attorney to sign [a proof of claim] on behalf of a client is

universally recognized." *Isom v. eCast Settlement Corp.* (*In re Isom*), 321 B.R. 756, 757 (Bankr.

N.D. Ga. 2005).  By signing Claim No. 5, Ms. Youssef is "declar[ing] under penalty of perjury

that the information provided is true and correct to the best of [her] knowledge, information, and

reasonable belief." *Resurgent Capital Servs., L.P. v. Harrington* (*In re Cushman*). 589 B.R. 469,

478 (Bankr. D. Me. 2018) (citing to the instructions for Official Form 10); *see also* Fed. R. Bankr.

P. 9011(b).

Claim No. 5 filed by Deutsche Bank complies with Bankruptcy Rule 3001 and is *prima

facie* valid. Fed. R. Bankr. P. 3001(f).

ii.    Federal Rule of Bankruptcy Procedure 9011

Federal Rule of Bankruptcy Procedure 9011 governs the signing of the Motion for Relief

and opposition to the Objection submitted by Attorneys Raquel Felix and Kevin Toole.[1]

Bankruptcy Rule 9011(a) states: "Every petition, pleading, written motion, and other paper, except

a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of

record in the attorney's individual name. . . . Each paper shall state the signer's address and

telephone number, if any." Fed. R. Bankr. P. 9011(a); *see also* LBR 5005-1(b) ("The authorized

---

[1] Three attorneys filed papers on behalf of Deutsche Bank - Suzanne Youssef, Raquel Felix, and Kevin Toole.  All three are part of the same law firm - Robertson, Anschutz, Schneid, Crane & Partners, PLLC.

electronic filing of a document bearing an electronic signature (example: /s/Jane Smith) constitutes the signature of the filer under Fed. R. Bankr. P. 9011."); LBR 9011-3 ("Any petition, list, schedule, statement, amendment, pleading, affidavit, or other document that requires an original signature or verification under Fed. R. Bankr. P. 1008 or an unsworn declaration, as provided in 28 U.S.C. § 1746, may be filed electronically by a registered electronic filer.").

Each of the papers filed on behalf of Deutsche Bank is properly signed and contains an address and phone number.

iii.    Federal Rule of Bankruptcy Procedure 9010

Debtor argues that Deutsche Bank's opposition is improper because the attorney who submitted it failed to file a notice of appearance in this case.

Federal Rule of Bankruptcy Procedure 9010(b) states: "An attorney appearing for a party in a case under the Code shall file a notice of appearance with the attorney's name, office address and telephone number, unless the attorney's appearance is otherwise noted in the record."

A notice of appearance was filed on behalf of Robertson, Anschutz, Schneid, Crane & Partners, PLLC by Raquel Felix on August 2, 2023. (ECF No. 14).  Additionally, the signing of a motion or paper satisfies Bankruptcy Rule 9010(b) requirement of "otherwise not[ing]" the attorney's appearance.  Fed. R. Bankr. P. 9010(b); *In re Mowers*, 160 B.R. 720, 723 (Bankr. N.D.N.Y. 1993).

Claim No. 5, the Motion for Relief, and Deutsche Bank's opposition to Debtor's Objection were all signed, filed, and served consistent with the applicable procedural requirements.  This Court finds Debtor's contentions to the contrary unavailing.

**Fair Debt Collection Practices Act**

In his Objection, Debtor raised the Fair Debt Collection Practices Act ("FDCPA") as a basis for objecting to Deutsche Bank's claim. Obj. ¶ 14.

"The FDCPA establishes a general prohibition against the use of 'false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993).

Debtor appears to be arguing that Deutsche Bank violated the FDCPA by filing Claim No. 5. In at least one of the cases cited by Debtor,[2] the court found that a mass-produced collection letter bearing the facsimile of an attorney's signature violated the FDCPA. *Clomon v. Jackson*, 988 F.2d 1314, 1321 (2d Cir. 1993). Here, for the reasons outlined above, this Court has already held that the electronic signature on Claim No. 5 was permissible.

Moreover, the FDCPA cannot be used to displace the Bankruptcy Code's claims objection process. *See Jaques v. U.S. Bank N.A., (In re Jacques)*, 416 B.R. 63, 79 (Bankr. E.D.N.Y. 2009). Debtor's only remedy for a wrongful proof of claim lies within the Bankruptcy Code. *Id.* (holding that the "Bankruptcy Code precludes the assertion of a claim under the FDCPA"). "It simply is not wrongful conduct prohibited by the FDCPA to file a proof of claim as authorized by the Bankruptcy Code." *Id.* at 80; *see also Midland Funding, LLC v. Johnson*, 581 U.S. 224, 234, (2017) (holding that application of the Fair Debt Collection Practices Act to proofs of claim filed under the Bankruptcy Code would upset the "delicate balance of a debtor's protections and obligations").

---

[2] The Debtor cited five cases related to the FDCPA in his Objection to Claim No. 5. The Court has not been able to locate two of the cited cases: *Hulshoff v. Capital Mgmt. Servs., L.P.*, 171 F. Supp.2d 394 (S.D.N.Y. 2001) and *Gonzalez v. Kay*, 577 F. Supp.2d 615 (S.D.N.Y. 2008). The Court found cases with similar citations that refer to the FDCPA, *Gonzalez v. Kay*, 577 F.3d 600 (5th Cir. 2009) and *Hudspeth v. Cap. Mgmt. Servs., L.P.*, No. 11-CV-03148-PAB-MEH, 2013 WL 674019, at *1 (D. Colo. Feb. 25, 2013), which the Court has reviewed.

**Other Alleged Legal Violations**

Having determined that the proof of claim was properly filed and, therefore is prima facie valid, the Court now turns to the Debtor's challenge to the validity of the underlying Foreclosure Judgment. In his Objection, Debtor contends that Claim No. 5 should be disallowed based on violations of the Sherman Antitrust Act ("Sherman Act") (Obj. ¶ 9 (citing to 15 U.S.C. §§ 1–3)); the Securities Exchange Act (Obj. ¶ 10 (citing to 15 U.S.C. § 78ff)); and the federal criminal code (Obj. ¶ 11 (citing to 18 U.S.C. § 1005 and 18 U.S.C. 1348)).

Sections 1 and 2 of the Sherman Act criminalize "any contract, combination or conspiracy in restraint of trade" and "forbid any person or combination [of people] from monopolizing or attempting to monopolize any part of interstate commerce." *Klor's, Inc. v. Broadway-Hale Stores, Inc.*, 359 U.S. 207, 210–11(1959); *see also* 15 U.S.C. §§ 1–2. Section 3 of the Sherman Act makes unlawful a combination or conspiracy in restraint of trade in the District of Columbia and any Territory of the United States. 15 U.S.C. § 3. Section 78ff(a) of the Securities and Exchange Act provides criminal penalties for any person who makes a false or misleading statement in any application, report, or document required to be filed under the Securities and Exchange Act. 15 U.S.C. § 78ff. Section 1005 of title 18 of the United States Code makes it a crime to make a false entry in a book, record, or statement of a bank with intent to defraud a bank. 18 U.S.C. § 1005. Section 1348 of title 18 of the United States Code criminalizes securities fraud based on a scheme, artifice, or fraud in connection with a purchase or sale of a security. 18 U.S.C. § 1348.

To the extent that Debtor is asking the Court to enforce these provisions, bankruptcy courts do not have the power to investigate crimes and do not have jurisdiction over criminal proceedings. 28 U.S.C. § 1334. The bankruptcy court is a court of limited jurisdiction. *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995). It may hear and determine only cases filed under title 11,

10

cases arising under title 11, and/or cases arising in or related to a case under title 11. 28 U.S.C. § 157(a–b); *see also In re Weaver*, No. 23-35263 (CGM), 2023 WL 3484642, at *2 (Bankr. S.D.N.Y. May 16, 2023) ("The Bankruptcy Court has jurisdiction over bankruptcy issues falling under title 11 and other civil proceedings."). "While bankruptcy courts are free to make criminal referrals when they have reasonable grounds for believing that a bankruptcy crime has occurred, 18 U.S.C. § 3057, the statute does not confer standing on litigants to request such a referral from the court." *Weaver*, 2023 WL 3484642, at *2 (cleaned up) (citing *In re Baroni*, 643 B.R. 253, 278 (Bankr. C.D. Cal. 2022)).

*Rooker-Feldman* Doctrine

To the extent that Debtor is asserting that these alleged violations invalidate Claim No. 5, the *Rooker-Feldman* doctrine bars this Court from reviewing these arguments on the merits.

Under the *Rooker-Feldman* doctrine, lower federal courts lack subject matter jurisdiction over a case if the relief requested in the federal court would result in the reversal or modification of a state court judgment. *Kropelnicki v. Siegel*, 290 F.3d 118, 129 (2d Cir. 2002) (citing *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir.1995)); *see also Holmes v. Ocwen Loan Servicing (In re Holmes)*, No. 19-23497 (SHL), 2020 WL 4279576, at *3 (Bankr. S.D.N.Y. July 24, 2020) ("*Rooker–Feldman* doctrine . . . precludes federal district courts from exercising appellate jurisdiction over final state court judgments."); *see also Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). It also "bars lower federal courts from exercising jurisdiction over claims that are 'inextricably intertwined' with state court determinations." *Kropelnicki*, 290 F.3d at 128 (quoting *Feldman*, 460 U.S. at 482–83 n.16).

The Second Circuit has set forth four requirements that must be met before a court can invoke the *Rooker-Feldman* doctrine. *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the state-court judgment must have been rendered before the district court proceedings commenced.

*Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (cleaned up).

In this instance all four prongs are met. Attached as exhibit E to Deutsche Bank's opposition to Debtor's Objection is a copy of a Foreclosure Judgment against the Debtor and in favor of Deutsche Bank[3] dated February 2, 2022. (Resp. ex. 5, ECF No. 69-5). This bankruptcy case was filed on July 26, 2023, after the judgment was entered. (Vol. Pet., ECF No. 1).

Claim No. 5 is based upon the Foreclosure Judgment. Debtor's request to expunge or otherwise disallow Claim No. 5 based on alleged violations of non-bankruptcy law would, in effect, reverse that judgment. *Swiatkowski v. Citibank*, 446 F. App'x 360, 361 (2d Cir. 2011). Such an outcome is barred by the *Rooker-Feldman* doctrine. *Id.*

**Standing and Fraud Claims**

Debtor further argues that by filing Claim No. 5, Deutsche Bank's attorney "has committed [b]arratry and misrepresentation." (Obj. ¶ 4). In particular, Debtor contends that (a) the Trust identified as the creditor in the Claim does not exist, (b) Deutsche Bank and SPS were not parties to the original contract, (c) the Foreclosure Judgment was obtained through fraud, and (d) SPS has

---

[3] The Plaintiff on the Foreclosure Judgment is "Deutsche Bank National Trust Company, as Trustee, on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2007-CH3 Asset Backed Pass-Through Certificates, Series 2007-CH3" and Claim No. 5 was filed on behalf of "Deutsche Bank National Trust Company, as Trustee, on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2007-CH3 Asset Backed Pass-Through Certificates, Series 2007-CH3." The name of the creditor is identical on both documents.

refused to provide the original promissory note.  (*Id.* ¶¶ 5, 17).  In his Motion to Strike, Debtor

also argues that Deutsche Bank failed to provide evidence of perfection of its security interest, that

the allonges and assignments are not valid, and that Deutsche Bank lost its ability to foreclose on

its note once it securitized the loan.  (Mot. Strike at 4–5).  Debtor also alleges that the Foreclosure

Judgment "was granted through fraud, fabrication of documents, misrepresentation, and forgery."

(*Id.* at 3).

Again, the *Rooker-Feldman* doctrine applies and bars the Debtor from prevailing upon

these arguments here.  Deutsche Bank has obtained a state court Foreclosure Judgment.  It need

not demonstrate any additional evidence to prove it holds a valid secured claim in this bankruptcy

case.  Its proof of claim is "inextricably intertwined" with the Foreclosure Judgement. *Kropelnicki*

*v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002) ("[T]he *Rooker–Feldman* doctrine bars lower federal

courts from exercising jurisdiction over claims that are 'inextricably intertwined' with state court

determinations.").

This Court is unable to reconsider or review Deutsche Bank's standing to bring the

foreclosure action, the validity of the underlying documents it used to obtain the Foreclosure

Judgment, or whether Deutsche Bank made misrepresentations to the state court. *Swiatkowski v.*

*Citibank*, 745 F. Supp. 2d 150, 167 (E.D.N.Y. 2010), *aff'd*, 446 F. App'x 360 (2d Cir. 2011)

(holding that *Rooker-Feldman* barred the bankruptcy court from reviewing allegedly fraudulent

documents that were attached to a proof of claim because these same documents pertained to the

state court foreclosure proceeding).  Debtor has admitted that he raised these same arguments in

state court. (Audio file for 3/19/2024, at 23:08–40, ECF No. 82); *see also Kropelnicki v. Siegel*,

290 F.3d 118, 128–29 (2d Cir. 2002) (holding that the *Rooker-Feldman* doctrine bars federal

review of a claim that was, or could have been, raised before the state court). The proper venue to

challenge the judgment is an appeal in state court—not a collateral attack on a proof of claim filed

in bankruptcy court. *Swiatkowski*, 745 F. Supp. 2d at 167.

     The same outcome applies to Debtor's argument that the Foreclosure Judgment was

obtained by fraud. "[T]here is no fraud exception to the *Rooker–Feldman* doctrine." *Holmes v.*

*Ocwen Loan Servicing* (*In re Holmes*), No. 19-23497 (SHL), 2020 WL 4279576, at \*4 (Bankr.

S.D.N.Y. July 24, 2020); *see also Kropelnicki*, 290 F.3d at 128 (2d Cir. 2002) ("[W]e have never

recognized a blanket fraud exception to *Rooker–Feldman*.").

**State Court Jurisdiction**

     Debtor also argues that the state court did not have the power to issue the Foreclosure

Judgment because federal law preempts state law on matters of real estate lending and banking.

(Obj. ¶ 10) (citing 12 U.S.C. § 24(seventh)).

     However, New York State courts have authority to issue judgments in foreclosure actions

pursuant to Article 13 of the New York Real Property Actions and Proceedings Law. *Gustavia*

*Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 76 (E.D.N.Y. 2019) (exercising diversity jurisdiction

over a foreclosure suit as it does not raise a federal question); *see also Wells Fargo Bank, N.A. v.*

*Bourne*, 68 Misc. 3d 1209(A), 129 N.Y.S.3d 728 (N.Y. Sup. Ct. 2020) ("[G]enerally[,] a judgment

of foreclosure and sale . . . is final against a defendant as to all questions of facts and defenses that

were or may have been litigated between the parties in the action.").

     Moreover, even assuming *arguendo* that the state court wrongly exercised jurisdiction over

the Debtor's foreclosure, the *Rooker-Feldman* doctrine would still prevent this Court from

vacating that judgment. *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415 (1923) ("If the constitutional

questions stated in the bill actually arose in the cause, it was the province and duty of the state

courts to decide them; and their decision, whether right or wrong, was an exercise of jurisdiction.

14

If the decision was wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding. Unless and until so reversed or modified, it would be an effective and conclusive adjudication.").

**Judgment Amount Calculation**

In his motion, Debtor has raised several other arguments questioning the debt Deutsche Bank claims he owes. The Debtor contends that there was an unspecified billing error (Obj. ¶ 20), and that he is owed a credit balance (*id.* ¶ 19). These arguments likewise invite this Court's review and reconsideration of the Foreclosure Judgment in contradiction of the *Rooker-Feldman* doctrine. The Foreclosure Judgment conclusively established the amount owed to Deutsche Bank. (Resp., ECF No. 69, ex. E) (directing that Deutsche Bank be paid $715,959.99, plus interest, advances, and charges, from the proceeds of the sale of Debtor's property).

*Res Judicata*

Even if the Debtor's challenges to the Foreclosure Judgment were not otherwise barred by *Rooker-Feldman*, *res judicata* would apply and preclude the arguments. "*Res judicata*, or claim preclusion, operates to prevent a party from re-litigating a claim after the claim has already been decided by a court of competent jurisdiction." *In re Ward*, 423 B.R. 22, 28 (Bankr. E.D.N.Y. 2010). *Res judicata* prevents the Debtor from relitigating claims or defenses that he could have raised in a prior proceeding against the same party. *Id.* The parties in this action are the same as the parties in the prior foreclosure proceeding and these issues either were – or could have been – raised by Debtor in that action. "*Res judicata* does not require that the precluded claim actually have been litigated; its concern, rather, is that the losing party had a full and fair opportunity to litigate the claim." *Kampfman v. Transamerica Fin. Servs. Co. of Ohio*, 164 F.3d 618 (2d Cir. 1998).

As to the Debtor's claim that the Foreclosure Judgment was obtained by fraud, "New York law permits collateral attacks on judgments obtained by extrinsic fraud (*i.e.*, fraud impacting a party's opportunity to have a full and fair hearing) as opposed to intrinsic fraud (*i.e.*, fraud alleged as part of an underlying cause of action or as a defense to the underlying cause of action)." *In re Modikhan*, No. 1-19-46591-JMM, 2021 WL 5312396, at \*13 (Bankr. E.D.N.Y. Nov. 15, 2021). Here, Debtor has argued that intrinsic fraud occurred and, as such, the fraud exception to *res judicata* does not apply in this case.

**Foreign Agent Registration Act**

Debtor further contends that the Code of Federal Regulations prohibits SPS (Deutsche Bank's servicer with respect to Claim No. 5) from doing business in the United States because SPS is a foreign entity. (Obj. ¶¶ 9, 16, ECF No. 9 (citing 12 C.F.R §§ 211, 217, 225.28, 225.171, 225.86)). He also argues that SPS has not registered as a foreign agent, as required by the Foreign Agent Registration Act of 1938 ("Foreign Agent Registration Act"). In response, Deutsche Bank argues that SPS is a domestic corporation under Utah law and is duly authorized to do business in New York. (Opp. ¶¶ 10, 25, 29, ECF No. 69).

"The general purpose of the [Foreign Agent Registration] Act is to protect the security and foreign relations of this country by requiring agents of foreign principals to identify themselves and disclose their activities." *Att'y Gen. of U.S. v. Irish N. Aid Comm.*, 530 F. Supp. 241, 245 (S.D.N.Y. 1981), *aff'd*, 668 F.2d 159 (2d Cir. 1982).

There is no indication that SPS is a foreign entity or a foreign agent. Attached as an exhibit to Claim No. 5 is a statement sent to Debtor by SPS. (Claim No. 5-1 at 40). The statement indicates that SPS is located in Utah and states that "SPS is registered with the Superintendent of the New York State Department of Financial Services." *Id.* at 42. In any event, enforcement of the Foreign

Agent Registration Act is vested in the Attorney General, not the bankruptcy courts. *Irish N. Aid Comm.*, 530 F. Supp. at 245 ("The Act vests initial responsibility for enforcing the Act in the Attorney General.").

Finally, the question of whether SPS is a foreign entity is, ultimately, not material to any of the issues pending before this Court. SPS is neither the secured claimholder nor the plaintiff on the Foreclosure Judgment. SPS is identified on Claim No. 5 as the entity responsible for accepting notices and payments on behalf of Deutsche Bank on Deutsche Bank's proof of claim. The party in interest with respect to Claim No. 5 is Deutsche Bank.

Further, even if SPS were the holder of the claim, foreign entities are permitted to file proofs of claim in bankruptcy courts. *Lehman Bros. Special Fin., Inc. v. Bank of America N.A. (In re Lehman Bros. Holdings Inc.)*, 544 B.R. 16, 34–35 (Bankr. S.D.N.Y. 2015).

**Corporate Transparency Act**

In both the Motion to Strike and Debtor's objection to the Motion for Relief, Debtor argues that Deutsche Bank failed to comply with the Corporate Transparency Act, which is aimed at preventing financial crimes by "requiring most entities incorporated under State law to disclose personal stakeholder information to the Treasury Department . . . ." *Nat'l Small Bus. United v. Yellen*, No. 5:22-CV-1448-LCB, 2024 WL 899372, at *1 (N.D. Ala. Mar. 1, 2024). Violations of the Corporate Transparency Act are not prosecuted in bankruptcy court. 31 U.S.C. § 5336(h)(3) (listing penalties for violating the Act); *see also Yellen*, 2024 WL 899372, at *3 (describing civil and criminal penalties for violation of the Act). This Court does not have jurisdiction to hear and determine cases arising under title 31. 28 U.S.C. § 1334; 28 U.S.C. § 157(b).

**Motion for Relief from Stay**

Now the Court will address Deutsche Bank's motion for relief from the automatic stay regarding Debtor's property located at 1580 State Hwy 357, Unadilla, NY 13849. (Mot. Relief at 4, ECF. No 44). Deutsche Bank asserts that under § 362(d)(1) and (d)(2), the automatic stay should be lifted for cause, due to lack of adequate protection, and because there is no equity in the property and the property is not necessary for an effective reorganization. (Mot. Relief ¶ 5–6, 10).

In his opposition to the Motion for Relief, Debtor has raised the same arguments made in his Objection and Motion to Strike: *i.e.,* that Deutsche Bank's attorneys did not have authority to sign the motion and that Claim No. 5 was improperly filed. (Obj., ECF No. 51). As the Court has already addressed Debtor's arguments, *supra*, and found them to be unavailing, the Court will turn to the merits of the Motion for Relief.

Section 362(d)(1) provides in relevant part:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . . .

11 U.S.C. § 362(d)(1); *In re Worden*, No. 22-60094-6, 2023 WL 4480358, at \*10 (Bankr. N.D.N.Y. July 11, 2023). "Cause" is undefined by the Bankruptcy Code and so courts look to the totality of the circumstances of each case to determine whether cause exists to lift the stay. *In re Magnale, LLC*, No. 17-61344, 2018 WL 9597164, at \*6 (Bankr. N.D.N.Y. Feb. 8, 2018).

A lack of adequate protection constitutes cause to lift the stay. *Id.* at \*6. A creditor is said to lack adequate protection where its equity cushion is insufficient to protect it from the declining value of the collateral or increase in the claim due to accrual of interest. *Equitable Life Assurance Soc'y v. James River Assocs. (In re James River Assocs.*), 148 B.R. 790, 796 (E.D. Va. 1992).

18

Deutsche Bank has no equity cushion to protect it from diminution in the value of its collateral. Debtor has valued his property at $459,000 on his schedule A. (Vol Pet. at 9, ECF No. 1); *see also In re Davis*, No. 23-11475 (JPM), 2024 WL 460483, at *1, n.2–3 (Bankr. S.D.N.Y. Feb. 6, 2024) (considering Debtor's assertion of value in his schedules). Deutsche Bank's proof of claim asserts a secured claim of $880,157.02. (Claim 5-1).

Courts have also held that a failure to make regular post-petition mortgage payments as they come due is cause to lift the say under § 362(d)(1). *Davis*, 2024 WL 460483, at *2. Deutsche Bank, through its servicing agent, SPS, has certified that Debtor has failed to maintain regular post-petition payments. (Motion for Relief, ex. C, ECF No. 44) (Certification of Payment History on the Note and Mortgage Dated August 29, 2006 and Related Information). The Debtor did not contest these allegations in his opposition. (Obj., ECF No. 51). As such, the Court finds that cause exists to lift the stay under § 362(d)(1).

Section 362(d)(2) of the Bankruptcy Code provides that "the court shall grant relief from the stay . . . with respect to an act against property . . . if . . . the debtor does not have equity in such property" and "such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2); *Davis*, 2024 WL 460483, at *3. The Court has already determined that there is no equity in Debtor's property. Debtor has failed to provide for payment of the Deutsche Bank's claim in his chapter 13 plan. (Ch13 Plan, pt. 3, ECF No. 2). Therefore, the property is not necessary for an effective reorganization.[4]

Deutsche Bank's Motion for Relief is granted under § 362(d)(1) and (2).

---

[4] Although not raised by Deutsche Bank, there is also an argument that the automatic stay has already been terminated by operation of 11 U.S.C. § 362(c)(3), which provides that the stay terminates 30 days after the filing of a petition if the petition is filed by a debtor who was a debtor in a Chapter 7, 11, or 13 case dismissed within one year of the filing of the new petition, unless the stay is extended by the court after notice and a hearing. Here, the Debtor filed a chapter 13 case (which was assigned case number 22-60391-6-wak), on June 17, 2022. That case was dismissed on January 9, 2023. The instant case was filed on July 26, 2023, less than a year after that dismissal. To date, there has been no motion to extend the stay.

**Motion to Strike**

In his Motion to Strike, Debtor asserts arguments regarding Deutsche Bank's attorneys' authority to sign papers filed with this Court and raised numerous issues with Claim No. 5 and the Foreclosure Judgment. The Court has addressed Debtor's arguments herein.

For the avoidance of doubt, the Court denies any of Debtor's remaining arguments not specifically addressed herein as immaterial.

### CONCLUSION

For the foregoing reasons, this Court (1) denies Debtor's Objection to Claim No. 5; (2) denies Debtor's Motion to Strike; and (3) grants Deutsche Bank's Motion for Relief. Deutsche Bank is directed to submit a separate proposed eOrder for each motion in conformance with this Memorandum–Decision within fourteen days of the date of this Memorandum-Decision.

The Clerk of the Court is requested to transmit a copy of this Memorandum-Decision to the Debtor *pro se* by first class mail, postage prepaid.

Dated:  April 11, 2024
       Utica, New York

Patrick G. Radel
United States Bankruptcy Judge